**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GINA HUBBARD, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-360-D |
| | ) | |
| CSAA GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion for Judgment on the Pleadings [Doc. No. 12] seeking judgment pursuant to Fed. R. Civ. P. 12(c). Plaintiff has responded in opposition [Doc. No. 21] and the matter is now at issue.

**BACKGROUND**

Plaintiff initiated this action in state court asserting claims for breach of contract and bad faith against her automobile insurer, CSAA General Insurance Company. In her Petition, she alleges that her vehicle sustained damage from flood waters, she notified CSAA of the damage, CSAA relied on a licensed software program to determine the actual cash value for Plaintiff's vehicle, and CSAA offered to pay Plaintiff insurance benefits based on that valuation. *See* Petition [Doc. No. 1-1] ¶¶ 7-11. Based on these facts, Plaintiff asserts that Defendant "breached the insurance contract…and the implied covenant of good faith and fair dealing…in one or more of the following respects" and then includes a list of possibilities, including failing to pay full policy benefits, failing to reasonably investigate

the claim, adopting claims handling procedures designed to underpay benefits, forcing Plaintiff to file a lawsuit to secure benefits, and utilizing software to underpay benefits. *Id.* at ¶ 12.

CSAA removed the case [Doc. No. 1] and filed an Answer [Doc. No. 6] that includes several exhibits, including the software valuation report and certain correspondence between CSAA and Plaintiff. CSAA now seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) contending that Plaintiff cannot state a claim for breach of contract or bad faith under Oklahoma law.

**STANDARD OF DECISION**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings at any time after the pleadings are closed as long as the motion is made early enough not to delay trial. Judgment on the pleadings is appropriate only where the movant establishes "an absence of any issue of material fact and entitlement to judgment as a matter of law." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (unpublished); *see also Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

A motion under Rule 12(c) is held to the same standard as a motion under Rule 12(b)(6). *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Under that standard, "all the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff," *id.*, and judgment is warranted only where the complaint fails to include enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2013). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

**DISCUSSION**

CSAA first argues that it is entitled to judgment on the pleadings because Plaintiff's failure to complete certain duties assigned to her under the insurance policy precludes her breach of contract claim. Because her breach of contract claim is not viable, CSAA further argues, Plaintiff is also precluded from asserting her claims for bad faith or punitive damages. To support these arguments, CSAA refers to evidence outside of the Petition, including exhibits attached to its Answer that detail communications it had with Plaintiff. It is not, however, appropriate for the Court to consider "material attached to a defendant's answer or motion to dismiss" when evaluating the sufficiency of a claim unless the materials are referred to in the complaint and central to the claims. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006); *Cai v. Huntsman Corp.*, 810 F. App'x 639, 642 (10th Cir. 2020) (unpublished). The communications CSAA relies on are not specifically referred to in the Petition and the Court will therefore not consider these documents for the truth of

the matters asserted therein at this juncture.[1] Without reference to these communications, the factual predicate that CSAA relies on in arguing that Plaintiff failed to fulfill her contractual duties is not indisputably established by the pleadings and judgment is therefore not appropriate. *See Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-303-F, 2021 WL 5442235, at *2 (W.D. Okla. Nov. 19, 2021) (denying Rule 12(c) motion that relied on exhibits attached to the defendant's Answer).

CSAA next asserts that Plaintiff has failed to allege facts sufficient to state a claim for breach of contract or a claim for bad faith.[2] Plaintiff's factual allegations are admittedly on the sparse side. The Petition asserts that Plaintiff maintained an automobile insurance policy with CSAA, Plaintiff submitted a claim following damage to her vehicle, and CSAA offered to pay insurance benefits based on a valuation generated by a software program it licenses from a third party. It then asserts that CSAA breached the contract and acted in bad faith "in one or more of the following ways," including failing to pay the full amount of benefits owed, failing to reasonably investigate the claim, or utilizing a software program to systematically underpay benefits.

Although Plaintiff's use of the phrase "in one or more of the following ways" is inartful and lacks a degree of specificity, when viewed in the light most favorable to

[1] Although the Court could consider this material by converting the instant motion into one for summary judgment, the Court declines to do so here because CSAA has already filed a separate motion for summary judgment that makes a nearly identical argument [Doc. No. 20].

[2] In her response brief, Plaintiff incorrectly states that CSAA does not argue that the factual allegations in the Petition are insufficient. Pl.'s Br. 4. CSAA makes precisely this argument on pages 7-8 and 10 of its brief.

Plaintiff, the allegations as a whole are minimally sufficient to state a claim for breach of contract and a claim for bad faith. Under current pleading standards, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 551 U.S. at 555). In the context of this case, Plaintiff's allegations give CSAA fair notice that her claims are based on CSAA's reliance on a software program to intentionally underpay benefits. Those allegations, if proven, may be sufficient to show that CSAA breached the insurance policy and failed to deal fairly and in good faith with its insured. *See Woska v. Health Care Serv. Corp*., No. CIV-17-89-D, 2018 WL 992047, at *3 (W.D. Okla. Feb. 20, 2018) (setting out elements for breach of contract and bad faith claim).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. No. 12] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of January, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge